Filed 9/17/25  P. v. Velarde CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>MARK ANTHONY VELARDE,<br><br>     Defendant and Appellant. | D084669<br><br><br>(Super. Ct. No. BPR2400698) |

APPEAL from a judgment of the Superior Court of Riverside County, Sylwia Luttrell, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In July 2024, the trial court found Mark Anthony Velarde in violation of the terms of his parole (Pen. Code,[1] § 3056) and sentenced him to 101 days in custody.  He filed a timely notice of appeal.

---

[1]    All further statutory references are to the Penal Code.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating appellate counsel has not been able to identify any arguable issues for reversal on appeal. Appellate counsel asks the court to review the record for error as mandated by *Wende*. Because Velarde is homeless, appellate counsel declared he made a diligent effort to locate Velarde and provide the notice required by *Wende*. (See *id.* at pp. 439, 442.) Appellate counsel has been unable to locate Velarde, and Velarde has not responded to notices appellate counsel and this court have provided to him in care of his trial counsel and at his last known address.

## STATEMENT OF FACTS

In January 2023, Velarde sustained a conviction for providing harmful matter to a minor. (§ 288.2, subd. (a)(2).) The trial court sentenced him to two years in prison and required him to register as a sex offender. He was released on parole on June 14, 2023. Since his original release date, he has violated the terms of his parole multiple times. On May 28, 2024, Velarde was released from custody after serving 34 days of a 109-day sentence for a parole violation. He failed to report to the parole office as required by the terms of his release, and, on May 29, 2024, the trial court issued a warrant for his arrest. Parole officers arrested him the next day.

On July 18, 2024, the trial court found Velarde in violation of the terms of his parole (§ 3056); sentenced him to 101 days in custody, resulting in a release date the next day; and reinstated parole supervision on the terms and conditions previously imposed.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel

has identified one possible issue that was considered in evaluating the potential merits of this appeal: was Velarde's parole officer required to impose an intermediate sanction short of revocation?

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. The parole officer was not required to impose an intermediate sanction. Under section 3010.10, when a person required to register as a sex offender fails to timely report to his parole officer after release from custody, the parole officer "shall revoke the person's parole . . . ," unless the officer "finds that in the interest of justice [revocation] is not appropriate in a particular case . . . ." (§ 3010.10, subds. (a) & (d).) Velarde's parole officer adequately considered intermediate sanctions under the applicable statutory framework (§ 3000.08 subd. (f); Cal. Rules of Court, rule 4.541(e)), and properly found an intermediate sanction was not appropriate in this case given Velarde's history of parole violations and failure to comply with the parole agency's prior assistance. Competent counsel has represented Velarde on this appeal.

DISPOSITION

The judgment is affirmed.

IRION, J.

WE CONCUR:


O'ROURKE, Acting P. J.


RUBIN, J.

3